977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary Eugene KUKES, Petitioner-Appellant,
v.
BUTTE COUNTY CHILD PROTECTIVE SERVICES, Respondent-Appellee.
 No. 91-16880.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 2, 1992.
 
 MEMORANDUM**
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 Kukes, a California state prisoner, appeals pro se from an order of the district court dismissing his petition for writ of habeas corpus. The district court held that it did not have jurisdiction pursuant to 28 U.S.C. § 2254. We affirm.
 
 
 2
 On December 22, 1986, Kukes was convicted of murdering his wife. The Butte County Child Protective Services, a county agency, took custody of Kukes's two minor daughters following his arrest on March 19, 1986. In August 1986, the state juvenile court placed Kukes's children in foster care. On appeal, Kukes contends that his children are being wrongfully detained in violation of his and his daughters' constitutional rights. We review the district court's decision to deny Kukes's petition for habeas corpus de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc).
 
 
 3
 Because section 2254(a) does not confer jurisdiction on federal courts to hear collateral challenges to state-court judgments involuntarily terminating parental rights, we hold that the district court did not err. Lehman v. Lycoming County Children's Sers., 458 U.S. 502, 516 (1982).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3